# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| RHONDA GOLSTON,<br>　　　　　Appellant, | DOCKET NUMBER<br>DC-1221-15-0769-W-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>　AFFAIRS,<br>　　　　　Agency. | DATE: January 23, 2023 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Rhonda Golston, Twinsburg, Ohio, pro se.

Monique Smart, Winston-Salem, North Carolina, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her individual right of action (IRA) appeal. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2        The appellant, a Recreation Therapist at a Department of Veterans Affairs Medical Center, filed an IRA appeal with the Board in which she alleged that the agency retaliated against her because of her whistleblowing activity.   Initial Appeal File (IAF), Tab 1.[2]   The administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction based on the written record, finding that, although the appellant had exhausted her administrative remedies with the Office of Special Counsel, she had failed to raise a nonfrivolous allegation that she made a protected disclosure under 5 U.S.C. § 2302(b)(8).   IAF, Tab 18, Initial Decision (ID) at 5-7.   The initial decision specified that it would become final on August 24, 2016, unless a petition for review was filed by that date.   ID at 7.

¶3        On August 8, 2016, the appellant requested an extension of time to file a petition for review of the administrative judge's July 20, 2016 initial decision. Petition for Review (PFR) File, Tab 1.   The Clerk of the Board issued an order granting the appellant an extension of time to file her petition for review on or before September 23, 2016.   PFR File, Tab 2 at 1.   In the order, the Clerk also informed the appellant that if she failed to file her petition by September 23, 2016, the administrative judge's July 20, 2016 initial decision would become the final decision of the Board.   *Id*.

¶4        The appellant filed her petition for review by facsimile (fax) on September 26, 2016, three days after the filing deadline.   PFR File, Tab 3.   In a letter acknowledging the petition for review, the Clerk of the Board indicated that the petition was untimely because it was not filed by the September 23, 2016 deadline granted in the Board's extension-of-time order.   PFR File, Tab 4 at 1.

---

[2] On September 8, 2015, the appellant was removed from her position.  IAF, Tab 18, Initial Decision at 3 n.2.  On September 30, 2015, she timely filed an appeal with the Board challenging her removal, and the Board affirmed the agency's removal action. *Id*.; *see Golston v. Department of Veterans Affairs*, MSPB Docket No. DC-0752-16-0002-I-1, Initial Decision at 1 (Jan. 21, 2016).

The Clerk informed the appellant that a petition for review that appears to be untimely must be accompanied by a motion to accept the filing as timely and/or to waive the time limit for good cause. *Id*. The acknowledgment letter from the Clerk included a form to assist the appellant in filing her motion. *Id*. at 2. The Clerk also informed the appellant that her motion had to be filed by October 20, 2016. *Id*.

¶5    The appellant responded by filing a timely motion to waive the time limit for good cause, which she describes as "extreme interference" at two libraries consisting of "electronic and manipulation programs" that caused her difficulty in accessing documents attached to an old email account and in preparing her petition for review on Friday, September 23, 2016. PFR File, Tab 5 at 10. She states that, after she finished preparing her petition, she went to numerous libraries and the United Parcel Service (UPS) to fax her petition to the Board on the filing deadline, but they were closed; therefore, her only option was to fax her petition on Monday, September 26, 2016. *Id*. at 11. She also submits a copy of a UPS fax transmission report dated September 26, 2016, indicating that 69 pages were sent from a remote station at UPS on that date. *Id*. at 20. The fax transmission report from UPS also includes the following handwritten remarks: "Interference" and "sent to the High School." *Id*. In addition, she submits a copy of 5 U.S.C. § 1221, and she argues the merits of her IRA appeal. *Id*. at 10-12, 19.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant's petition for review is dismissed as untimely filed without good cause shown.

¶6    A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision, or, if the party filing the petition shows that the initial decision was received more than 5 days after it was issued, within 30 days after the party received the initial decision. 5 C.F.R. § 1201.114(e). Here, the initial decision was issued on July 20, 2016, the appellant's petition for review was originally due on August 24, 2016, and the Clerk of the Board granted

her request for an extension of time to file her petition for review no later than September 23, 2016. ID at 1, 7; PFR File, Tab 2 at 1. Accordingly, the appellant's September 26, 2016 petition for review was untimely by 3 days. For the reasons stated below, we find that the appellant has not shown good cause for her failure to meet the filing deadline.

¶7 The Board may extend the time limit for filing a petition for review when good cause is shown for the untimeliness. *Beckley v. U.S. Postal Service*, 43 M.S.P.R. 397, 399 (1990); *see* 5 C.F.R. § 1201.113(d). However, in the interest of judicial efficiency and fairness, regardless of how minimal the delay, the Board will not waive its timeliness requirements in the absence of good cause. The party who submits an untimely petition for review has the burden of establishing good cause for the untimely filing by showing that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *See Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine if a party has shown good cause, the Board will consider the length of the delay, the reasonableness of the party's excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to her inability to timely file her petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶8 Applying these factors, we find that the appellant has not shown good cause for her filing delay in this case. Although the appellant is pro se and a delay of 3 days is relatively brief, we find that she has not shown that she exercised due diligence or ordinary prudence under the circumstances. Here, the Clerk of the Board expressly advised the appellant of the time limit for filing her petition for review with the Board and she does not allege any confusion about the filing deadline. PFR File, Tab 2 at 1. We find that the appellant's failure to file her

petition for review in accordance with these unambiguous instructions does not reflect due diligence. *See Schoenherr v. Department of Veterans Affairs*, 73 M.S.P.R. 99, 102 (1997) (determining that a pro se appellant did not exercise due diligence when she did not follow the unambiguous instructions for filing a petition for review set forth in the initial decision); *Noble v. U.S. Postal Service*, 73 M.S.P.R. 59, 62-63 (1997) (finding that, while the appellant's 2-day delay in filing was minimal and she was not represented by an attorney, these factors were outweighed by her failure to exercise due diligence and ordinary prudence under the circumstances).

¶9      Although the appellant states that she experienced difficulty preparing and filing her petition for review on the date that it was due, we find that waiting until the last day to complete work on one's petition for review does not demonstrate due diligence. *See De La Garza v. U.S. Postal Service*, 45 M.S.P.R. 357, 358-59 (1990).[3]  Because the appellant's arguments on review do not show good cause for her failure to file a timely petition for review or motion for an additional extension of time to file her petition, we find that her petition is untimely filed by 3 days without good cause shown for the delay.[4]  *See Melendez v. Department of Homeland Security*, 112 M.S.P.R. 51, ¶ 16 (2009) (finding that pro se appellant did not demonstrate that she exercised due diligence or ordinary prudence in filing her appeal and, therefore, that she did not show good cause for her 3-day

---

[3] Under the Board's regulations, the appellant had several options for timely filing her petition with the Board.  *See* 5 C.F.R. § 1201.114(d) (specifying that all motions and pleadings must be filed with the Clerk of the Board "by commercial or personal delivery, by facsimile, by mail, or by electronic filing in accordance with" 5 C.F.R. § 1201.14); *see also* 5 C.F.R. § 1201.4(*l*) (providing that the date of a filing by mail is determined by the postmark date).  The appellant's argument, that she waited until the last day for filing to complete work on her petition and her attempt to file her petition after hours was unsuccessful because everything was closed, does not demonstrate due diligence.  *See De La Garza*, 45 M.S.P.R. at 358-59.

[4] The appellant does not allege any ambiguity in the filing instructions that she received or confusion about the Board's procedures, and she does not allege that any failure of the Board's electronic filing methods prevented her from filing a timely petition.

filing delay); *Noble*, 73 M.S.P.R. at 62-63 (finding that pro se appellant did not show good cause for her 2-day filing delay, considering that she did not allege any ambiguity in the filing deadline or in the Board's instructions and procedures); *Snipes v. Office of Personnel Management*, 32 M.S.P.R. 66, 67 (finding no showing of good cause to waive a 3-day filing delay when the appellant's submissions did not show that she could not have obtained evidence prior to the filing deadline and she did not request an extension of time to file), *aff'd*, 831 F.2d 306 (Fed. Cir. 1987) (Table); 5 C.F.R. §§ 1201.113(d), 1201.114(f).

¶10     Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the dismissal of the appellant's IRA appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.